# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

DERRICK D. OWENS                                                                                        PLAINTIFF

v.                                                  No. 2:12CV00027 JLH

CROP PRODUCTION SERVICES, INC.                                                    DEFENDANT

## OPINION AND ORDER

Derrick D. Owens was one of several persons hired by Crop Production Services as a seasonal truck driver delivering farm chemicals during the summer of 2011. Although The employment was on a temporary basis, Crop Production Services decided to retain two of the temporary workers after the planting season, and those two persons were to be given permanent employment. Owens, who is African American, sought one of the permanent positions but was not hired for it. He was released in July of 2011, after the planting season was concluded. The persons who were retained at the end of the planting season were white. Owens brings this action under Title VII, alleging that he was discriminated against on the basis of his race. Crop Production Services has now moved for summary judgment.

A court should enter summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008). A genuine dispute exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing sufficient to establish a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

Crop Production Services first contends that Owens failed to exhaust his administrative remedies. "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court." *Williams v. Little Rock Municipal Waterworks*, 21 F.3d 218, 222 (8th Cir. 1994). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Id.* Before seeking a judicial remedy under Title VII, a plaintiff "must file a discrimination charge with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged unlawful employment practice." *Foster v. Wyrick*, 823 F.3d 218, 221 (8th Cir. 1987). This filing must describe the nature and facts of the charge. *Williams*, 21 F.3d at 222. The complaining party then must receive the notice of the right to sue, after which he has 90 days to file a lawsuit. *Id.* Even if not listed in the EEOC charge, a "plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Id.* The plaintiff's complaint

can only sweep as broadly as the scope of the EEOC investigation that could reasonably be expected to grow out of the EEOC charge. *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004), abrogated on other grounds by *Torgerson*, 643 F.3d at 1031.

Owens filed an EEOC charge complaining of discrimination based on race on November 14, 2011. The description of facts in the Owens's EEOC charge states:

> I was hired on or about April 4, 2011, with my most recent position as that of Truck Driver. On or about July 15, 2011, I was laid off. I was told that I was being laid off because business was slow and I was no longer needed. I believe I was laid off because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Document #1 at 7.

Crop Production Services contends that this EEOC charge is insufficient to exhaust Owens's administrative remedies with respect to his claim that he was not hired for one of the permanent positions at the end of the planting season. The facts establish, however, the decision as to which seasonal employees would be released and which would be kept as permanent employees was essentially the same decision. The area manager for Crop Production Services testified as follows:

> Q. How was it decided that some employees' seasonal positions would be extended beyond July 2011?
>
> A. I would talk to [the warehouse manager] and ask him do we have anybody worthy of keeping on in a seasonal position till a permanent slot became available.

Document #11-2 at 12; *see also id.* at 15 ("Usually those positions -- they're already seasonal and we just decide to keep some seasonal employees on in case we have a permanent position to come available.").

Thus, the decision not to hire Owens in a permanent capacity and make a decision to terminate his seasonal employment are not only reasonably related, they are not two decisions but

only one. Crop Production Services decided not to offer Owens a full-time position and therefore terminated his seasonal employment in July of 2011. The EEOC investigation into Owens's charge that he was laid off because of his race could reasonably expected to include an investigation into the decision not to offer him permanent employment.

In short, Owens exhausted his administrative remedies.

Crop Production Services also contends that it is entitled to summary judgment on the merits on Owens's claims. After thorough consideration, the Court has concluded that there are genuine disputes of material fact that preclude summary judgment. Because this case is set for a bench trial, the Court will reserve comment on the evidence until the trial has been concluded.

Because the Court has concluded that there are genuine disputes of material fact, the motion for summary judgment filed by Crop Production Services is DENIED. Document #9. The parties have filed a joint motion for a continuance saying that they wish to known whether summary judgment will be entered before they begin the expense of preparation for trial. That question is answered, so the joint motion for continuance is DENIED. Document #19.

IT IS SO ORDERED this 19th day of February, 2013.

J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE